**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-03332-REB

DAVID K. REX,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

**ORDER AFFIRMING COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[1] filed December 21, 2012, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff alleges that he is disabled as a result of chronic back pain related to degenerative disc disease of the lumbar spine, as well as by depression. After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on November 6, 2012. At the time of the hearing, plaintiff was 37 years old. He has a college education as well

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

as graduate school degrees and past relevant work experience as a financial representative, insurance sales agent, car salesman, stereo and television salesman, and manager of new car sales.  He has not engaged in substantial gainful activity since May 31, 2009, his alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform sedentary work with postural limitations, including particularly the option to alternate sitting and standing, and that was no more than semi-skilled, requiring a specific vocational preparation (SVP) of three or less.  Although this determination precluded plaintiff's past relevant work, the ALJ concluded that there were other jobs existing in significant numbers in the national and local economies that he could perform.  The ALJ therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III. LEGAL ANALYSIS

Plaintiff claims the ALJ erred in her weighing of the various medical opinions of

record, that her residual functional capacity assessment is not supported by substantial evidence, and that she improperly discredited his subjective reports of pain and associated functional limitation. Finding no such reversible error in the ALJ's decision, I affirm.

Plaintiff first argues that the ALJ erred insofar as she assigned "great weight" to the opinions of two consultative examiners, Dr. Jacqueline Adler and Dr. Brett Valette (Tr. 16-17), but then allegedly failed to incorporate all the limitations suggested by these sources into her residual functional capacity assessment. Dr. Adler assessed plaintiff's physical capacity and found that he was capable of sedentary work, but required certain postural limitations and the ability "to move about as needed within an ergonomic work environment." (Tr. 696.) Dr. Valette considered plaintiff's psychological impairment and determined that, although his cognitive and memory functions were intact, plaintiff might have difficulty with attendance, consistency, and motivation secondary to physical pain. (Tr. 680.)

Plaintiff's argument miscomprehends the relationship between the roles of the ALJ and the medical sources in the formulation of a claimant's residual functional capacity. The ALJ is under no obligation to base her residual functional capacity assessment on any particular medical source's opinion. Indeed, "the ALJ [i]s not required to adopt or rely on any medical source opinion in making her residual functional capacity assessment because the determination of residual functional capacity is not a medical opinion." *Moses v. Astrue*, 2012 WL 1326672 at *4 (D. Colo April 17, 2012). Instead, residual functional capacity is assessed "based on all of the relevant medical and other evidence," 20 C.F.R. § 404.1545(a)(3), "including medical

records, observations of treating physicians and others, and plaintiff's own description of his limitations," **Noble v. Callahan**, 978 F.Supp. 980, 987 (D. Kan. 1997). Although the ALJ's determination must be grounded in some medical evidence, **see Anderson v. Shalala**, 51 F.3d 777, 779 (8th Cir. 1995), it ultimately is an administrative determination reserved to the Commissioner, 20 C.F.R. § 404.1546; **Rutledge v. Apfel**, 230 F.3d 1172, 1175 (10th Cir. 2000).

Concomitantly, and although the ALJ cannot ignore medical opinions relating to a claimant's functional capacity, **see Social Security Ruling 96-5p**, 1996 WL 374183 at *1 (SSA July 2, 1996), she is not obligated to include in her residual functional capacity assessment every limitation possibly suggested by a medical source, **see Jones v. Astrue**, 2008 WL 2325184 at *5 (E.D. Ky. June 4, 2008); **Powers v. Barnhart**, 2004 WL 2862170 at *4 (D. Me. Dec. 13, 2004). Likewise, "there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." **Chapo v. Astrue**, 682 F.3d 1285, 1288 (10th Cir. 2012). **See also Howard v. Barhart**, 379 F.3d 945, 949 (10th Cir. 2004) (noting that circuit has "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category").

More importantly, the ALJ's findings clearly demonstrate that she, in fact, did consider the limitations plaintiff claims were omitted. The ALJ specifically provided that plaintiff's residual functional capacity included the ability to sit and stand at the workstation. (Tr. 14.) Plaintiff argues that this limitation does not adequately account

for Dr. Adler's opinion that plaintiff be allowed to move about at will because it does not suggest how frequently plaintiff must alternate positions. **See Social Security Ruling 96-9p**, 1996 WL 374185 at *7 (SSA July 2, 1996) (noting that requirement of ability to alternate sitting and standing will erode occupational base for sedentary work and that "[t]he RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing"). I perceive no reversible error in this regard. The ALJ's hypothetical to the vocational expert specified the ability to sit and stand at will, and his response identifying jobs that could accommodate that restriction therefore assumed that limitation. (**See** Tr. 45-47.)[2] The ALJ's failure to include expressly the limitation "at will" in her disability opinion, therefore, was undoubtedly harmless. ***Bernal v. Bowen***, 851 F.2d 297, 303 (10th Cir. 1988).

As for Dr. Valette's suggestion that plaintiff's memory and concentration would be impaired, the ALJ specifically stated that she accounted for these limitations by limiting plaintiff to semi-skilled work with an SVP of three or less. (Tr. 18.)[3] Plaintiff perceives this opinion to be at odds with the ALJ's determination at step 3 of the sequential evaluation that he had moderate limitations in concentration, persistence, and pace. (**See** Tr. 13.) As the ALJ herself noted, however, the determinations regarding the

---

[2] Although plaintiff points out that the vocational expert testified that an employee who required to take an indeterminate number of "frequent breaks" at will would not be employable (Tr. 49), Dr. Adler's opinion does not plainly require the ability to take full-fledged breaks.

[3] To the extent the ALJ erred in not specifically addressing Dr. Valette's opinion regarding plaintiff's possible difficulties with attendance, I perceive no reversible error. ***Bernal***, 851 F.2d at 303. The record reflects that both prior and subsequent to the date of Dr. Valette's examination, plaintiff attended college classes (Tr. 17, 768, 889), and, in fact, attained an MBA degree after his alleged date of onset (Tr. 696). Such evidence is more than adequate to suggest that plaintiff's ability to attend to a regular schedule is not substantially compromised.

"paragraph B" criteria at step 3 of the sequential evaluation are distinct from the residual functional capacity assessment performed at step 4.[4]  (Tr. 14.)  **See Social Security Ruling** 96-8p, 1996 WL 374184 at *4 (SSA July 2, 1996); **Miller v. Astrue**, 2012 WL 1388706 ast *5 (D. Colo. April 23, 2012) ("[T]he ALJ was not required to include in his assessment of plaintiff's RFC a moderate limitation in social functioning, merely because such a limitation was found for purposes of step three."), **aff'd**, 520 Fed. Appx. 741 (10th Cir. April 9, 2013) (citation and internal quotation marks omitted).  Plaintiff fails to explain how a limitation to semi-skilled work with an SVP of 3 or less does not adequately accommodate his deficits in concentration as a result of pain and the side effects of his medication.[5]

Finally, plaintiff claims the ALJ improperly discredited his subjective complaints regarding the limitations occasioned by his pain on the basis that they were not supported by objective medical findings.  "[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence."  **White v. Barnhart**, 287 F.3d 903, 909 (10th Cir. 2001) (citing **Kepler v.**

---

[4] Relatedly, plaintiff further faults the ALJ for failing to undertake a function-by-function analysis of his mental residual functional capacity.  Such is not required by the regulations, which provide only that the ALJ must *consider* the various work related functions and *express* her finding regarding nonexertional capacity in terms of such functions.  **See Social Security Ruling 96-8p**, 1996 WL 374184 at *6 (work-related mental functions "includ[e] the abilities to "understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting").  There is no requirement that each factor be recited as a litany.  **See Banks v. Astrue**, 537 F.Supp.2d 75, 84-85 (D.D.C. 2008).  Moreover, plaintiff has not articulated how this alleged error prejudiced him.  **Bernal**, 851 F.2d at 303.

[5] Instead, plaintiff argues that the limitation to semi-skilled work "is arguably no limitation at all, since . . . grid rules and the rulings envisage only the world of unskilled work."  (**Plf. Opening Br.** at 19.)  It is not at all manifest to what "rulings" plaintiff refers, and the "grid rules" are not applicable at step 4 of the sequential evaluation at all.  Moreover, semi-skilled work has a specific regulatory definition.  **See** 20 C.F.R. § 404.1568(b) ("Semi-skilled work is work which needs some skills but does not require doing the more complex work duties.").

***Chater***, 68 F.3d 387, 390-91 (10th Cir. 1995)).  So long as the ALJ links her credibility assessment to specific evidence in the record, her determination is entitled to substantial deference.  ***Id.*** at 910; ***see also Qualls v. Apfel***, 206 F.3d 1368, 1372 (10th Cir. 2000).

Such is the case here.  Although the ALJ did refer to a lack of objective medical evidence substantiating plaintiff's allegations of pain, this was not the only reason she provided for that determination.[6]  ***See*** 20 C.F.R. § 404.1529(c)(2) (ALJ will not "reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements").  For example, the ALJ also noted that plaintiff participated substantial activities of daily living.  ***See Nutting v. Astrue***, 2009 WL 2475125 at *4 (D. Colo. Aug. 11, 2009) (activities of daily living may bear on credibility "to the extent that the level of activity is in fact inconsistent with the claimed limitations") (citation and internal quotation marks omitted).  These included regularly attending college classes (including the receipt of an MBA after the alleged onset of disability), going to the gym at least three times a week, and picking up his children from school regularly, which undermined plaintiff's oft-repeated assertion that he could not work because he was afraid of being cited for driving under the influence due to the effects of his medications.  Moreover, and contrary to plaintiff's argument, the ALJ did note his persistent attempts to find relief, which with the

---

[6] Plaintiff's argument that the ALJ failed to undertake the analysis contemplated by ***Luna v. Bowen***, 834 F.2d 161, 163-64 (10th Cir. 1987), is plainly belied by the record.  The ALJ specifically stated that she applied the considerations relevant under ***Luna*** to the evidence (Tr. 14), and her subsequent analysis clearly supports that assertion.

exception of surgery, were relatively conservative. (Tr. 15-16.)

Nor did the ALJ ignore the disability determination of the Veterans Administration. "Although another agency's determination of disability is not binding on the Social Security Administration, it is evidence that the ALJ must consider and explain why he did not find it persuasive." **Grogan v. Barnhart**, 399 F.3d 1257, 1262-63 (10th Cir. 2005) (citation omitted). **See also** 20 C.F.R. §§ 404.1512(a) & (b)(5). The ALJ specifically addressed the VA's determination but found it unpersuasive because it was not based on the specific rules she was required to consider under the Act. (Tr. 18.) Plaintiff proffers nothing to suggest that this rationale was not adequate or that the failure to more specifically compare and contrast the Commissioner's rules to those that informed the VA's decision might yield a different result. **Bernal**, 851 F.2d at 303.

## IV. ORDERS

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated March 12, 2014, at Denver, Colorado.

**BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge